**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                        |   |                                    |
|------------------------|---|------------------------------------|
| ROBERT KOWALIK,        | : | CIVIL ACTION NO. 08-2266 (MLC)     |
| Plaintiff,             | : | **MEMORANDUM OPINION**             |
| v.                     | : |                                    |
| BHK OF AMERICA, et al.,| : |                                    |
| Defendants.            | : |                                    |

**THE PLAINTIFF** bringing this action to recover damages for employment discrimination in violation of, <u>inter alia</u>, Title VII and New York law (dkt. entry no. 1, Compl.); and the defendants moving to transfer the venue of the action to the United States District Court for the Southern District of New York under 28 U.S.C. § ("Section") 1404 (dkt. entry no. 6); and the defendants arguing that (1) the plaintiff asserts a claim under New York law, (2) the plaintiff worked from the defendants' New York office, (3) the witnesses and relevant records are found in New York, and (4) the plaintiff filed charges with (a) the New York office of the Equal Employment Opportunity Commission, and (b) the New York State Division of Human Rights (dkt. entry no. 6, Defs. Br. & Decl.); and the plaintiff not opposing the motion; and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might

have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and the Court thus intending to (1) grant the motion, and (2) transfer the action to the Southern District of New York;[1] and for good cause appearing, the Court will issue an appropriate order.[2]

                                                   s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:  December 11, 2008

---

[1] The Court also notes — although not argued by the defendants — that claims to recover damages for employment discrimination under Title VII must be brought in the judicial district where the (1) alleged unlawful employment practice was committed, (2) employment records relevant to such practice are maintained and administered, or (3) plaintiff would have worked but for such practice. See 42 U.S.C. § 2000e-5(f)(3).  The Title VII venue provision is mandatory, and controls even if other claims are asserted simultaneously in an action. Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82-83 (3d Cir. 2004); Ware v. Ball Plastic Container Corp., 432 F.Supp.2d 434, 438 (D. Del. 2006); Trawick v. Harvey, No. 06-1937, 2006 WL 2372241, at *1 (E.D. Pa. Aug. 15, 2006).

[2] The defendants suggest that the action should be placed in the White Plains Vicinage of the Southern District of New York.  (Defs. Br. at 1.)  That determination must be made by the Clerk of the United States District Court for the Southern District of New York.